```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ARLOS MEJIA, JUAN MARTINEZ-ROJAS,
and SEBASTIAN PEREZ,

       Plaintiffs,
v.                                   Case No.: 8:15-cv-209-T-33TGW

ELIASEN ENVIRONMENTAL, INC.,
TODD ELIASEN, MICHELLE ELIASEN,
FLORIDA LANDSCAPE MGT, LLC, and
RONALD WEBB,

       Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the Plaintiffs' Uncontested Motion for Attorney's Fees and Costs (Doc. # 40), which was filed on August 7, 2015. For the reasons that follow, the Court grants the Motion.

## I.  Procedural History

On January 30, 2015, Plaintiffs Arlos Mejia, Juan Martinez-Rojas, and Sebastian Perez filed a putative class action lawsuit pursuant to the Fair Labor Standards Act against Defendants Eliasen Environmental, Inc., Florida Landscape MGT, LLC, Ronald Webb, Todd Eliasen, and Michelle Eliasen. (Doc. # 1). On March 16, 2015, Plaintiffs filed a Notice of Settlement reflecting that they reached a settlement with Defendants Florida Landscape Mgt, LLC and Ronald Webb. (Doc. # 9).

In that settlement, each Plaintiff was paid $500.00 and counsel for Plaintiffs was paid $1,000.00. (Doc. # 20). At the direction of the Court, the settling parties sought approval from the Court and the Court approved the settlement. (Doc. # 21).

Thereafter, on June 24, 2015, Michelle Eliasen and Todd Eliasen filed a Suggestion of Bankruptcy Proceedings Under Chapter 7 of the Bankruptcy Code (Doc. # 32). The Court accordingly stayed and administratively closed the case as to the bankrupt defendants. (Doc. # 34). On July 8, 2015, Plaintiffs and Defendant Eliasen Environmental, Inc., filed a Stipulated Motion for Entry of Final Judgment, in which the parties stipulated to the entry of a judgment in favor of Plaintiffs in the amount of $71,411.40, with the issue of attorney's fees and costs to be determined at a later date. (Doc. # 37). On July 9, 2015, the Court granted in part the Motion for Entry of Final Judgment by directing the Clerk to enter judgment in favor of Plaintiffs in the amount of $71,411.40 for wages and damages. (Doc. # 38). The Court explained, as to attorney's fees and costs, that "Plaintiffs are also entitled to reasonable attorney's fees against Eliasen Environmental, Inc., only." (Id.). The Court directed counsel "to meet in person and confer in an effort to resolve

2

the issue of attorney's fees and costs" but noted that, "[r]egardless of whether the amount of attorney's fees and costs is stipulated to by counsel, Plaintiffs are directed to file a Motion for attorney's fees and costs on or before August 10, 2015." (Id.).

Plaintiffs filed a timely and unopposed motion requesting $10,000.00 in attorney's fees and $959.00 in costs. (Doc. # 40). Therein, Plaintiffs' counsel explains that Mitchell L. Feldman, Esq. expended 18.8 hours at the hourly rate of $395.00, Brad Tobin, Esq. expended 10.2 hours at the hourly rate of $350.00, and Richard Lippert, Esq. expended 1.5 hours at the hourly rate of $225.00. (Id. at 6). The Court notes that these sums exceed $10,000.00. Specifically, these sums total $11,333.50. Nevertheless, counsel for Plaintiffs supported the Motion with the affidavit of Mitchell Feldman, Esq., in which Attorney Feldman represents that "The Defendants do not contest awarding Plaintiffs' Counsel $10,000.00 in fees and $959.00 in costs, and that such was fair and reasonable." (Doc. # 40-1 at ¶ 19).

On August 17, 2015, at the direction of the Court, Plaintiffs filed a detailed fee and cost ledger. (Doc. # 42). Therein, counsel highlight that they generated $16,849.00 in attorney's fees and $1,634.35 in costs. As noted below, the

3

Court determines that it is appropriate to grant the fees and costs originally requested in this matter, which total $10,959.00, but declines to award the augmented figure of $18,483.35 requested in the recently filed fee ledger.

**II.   Analysis**

Plaintiffs allege that Eliasen Environmental, Inc. violated the Fair Labor Standards Act, 29 U.S.C. § 206. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009).  There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.  FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.  To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

In this case, after reviewing the fee documentation and taking note of the relatively complex procedural history of

4

the case, which involved multiple parties on each side as well as bankruptcy proceedings and successive settlement agreements, the Court grants the attorney's fees and costs originally requested. This amount, $10,000.00 in fees and $959.00 in costs, was agreed to by opposing counsel and is reasonable when compared to the amount awarded to Plaintiffs for FLSA violations: $71,411.00. However, as noted above, the Court declines to increase the attorney's fees and costs by thousands of dollars, as requested in the fee ledger.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that**:**

(1) Plaintiffs' Uncontested Motion for Attorney's Fees and Costs (Doc. # 40) is **GRANTED.**

(2) Plaintiffs are awarded $10,000.00 in fees and $959.00 in costs against Eliasen Environmental, Inc., only.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of August, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5