```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ARLOS MEJIA, JUAN MARTINEZ-ROJAS,
and SEBASTIAN PEREZ,

        Plaintiffs,

v.                                     Case No.: 8:15-cv-209-T-33TGW

ELIASEN ENVIRONMENTAL, INC.,
TODD ELIASEN, MICHELLE ELIASEN,
FLORIDA LANDSCAPE MGT, LLC, and
RONALD WEBB,

        Defendants.
_____/

**ORDER**

    This matter is before the Court pursuant to Defendants' Status Report and Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 48), which was filed on May 16, 2016. Plaintiffs had the opportunity to respond to the Motion, but failed to do so within the time parameters of the Local Rules of the Middle District of Florida. The Court accordingly grants the Motion by dismissing this action as to Todd and Michelle Eliasen with prejudice, as explained below.

**I.   Procedural History**

    On January 30, 2015, Plaintiffs Arlos Mejia, Juan Martinez-Rojas, and Sebastian Perez filed a putative class action lawsuit pursuant to the Fair Labor Standards Act against Defendants Eliasen Environmental, Inc., Florida Landscape MGT, LLC, Ronald Webb, Todd Eliasen, and Michelle

Eliasen. (Doc. # 1). On March 16, 2015, Plaintiffs filed a Notice of Settlement reflecting that they reached an accord with Defendants Florida Landscape MGT, LLC and Ronald Webb. (Doc. # 9). Pursuant to the terms of that settlement, each Plaintiff was paid $500.00 and counsel for Plaintiffs was paid $1,000.00. (Doc. # 20). At the direction of the Court, the settling parties sought approval from the Court and the Court approved the settlement. (Doc. # 21).

Thereafter, on June 24, 2015, Michelle Eliasen and Todd Eliasen filed a Suggestion of Bankruptcy explaining that they filed for protection under Chapter 7 of the United States Bankruptcy Code. (Doc. # 32). The Court accordingly stayed and administratively closed the case as to the bankrupt defendants and directed that the parties file periodic status reports with respect to the bankruptcy case. (Doc. # 34).

On July 8, 2015, Plaintiffs and Defendant Eliasen Environmental, Inc., filed a Stipulated Motion for Entry of Final Judgment, in which the parties stipulated to the entry of a judgment in favor of Plaintiffs in the amount of $71,411.40, with the issue of attorney's fees and costs to be determined at a later date. (Doc. # 37). On July 9, 2015, the Court granted in part the Motion for Entry of Final Judgment by directing the Clerk to enter judgment in favor of

Plaintiffs in the amount of $71,411.40 for wages and damages. (Doc. # 38). The Court explained, as to attorney's fees and costs, that "Plaintiffs are also entitled to reasonable attorney's fees against Eliasen Environmental, Inc., only." (Id.).

The Court directed counsel "to meet in person and confer in an effort to resolve the issue of attorney's fees and costs" but noted that, "[r]egardless of whether the amount of attorney's fees and costs is stipulated to by counsel, Plaintiffs are directed to file a Motion for attorney's fees and costs on or before August 10, 2015." (Id.). Plaintiffs filed a timely and unopposed motion requesting $10,000.00 in attorney's fees and $959.00 in costs. (Doc. # 40). On August 18, 2015, after carefully scrutinizing the fee ledger and the case as a whole in accordance with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), the Court awarded Plaintiffs $10,000.00 in fees and $959.00 in costs against Eliasen Environmental, Inc., only. (Doc. # 43).

**II.  Bankruptcy Case of Todd and Michelle Eliasen**

As noted, the Court stayed and administratively closed the case as to Todd and Michelle Eliasen on June 30, 2015, due to their bankruptcy filing. (Doc. # 34). At this juncture, Todd and Michelle Eliasen report that Plaintiffs were provided

with notice of bankruptcy, but that Plaintiffs did not file any claims or adversary proceedings in the bankruptcy case. (Doc. # 48 at 1-2). The Eliasens explain that the claims bar date passed on November 5, 2015, and "Plaintiffs did not object or challenge Todd and Michelle Eliasen's discharge." (Id. at 2).

On November 23, 2015, Todd and Michelle Eliasen received their Chapter 7 discharge. (Id.). As stated by the Eliasens, "[t]he discharge operates as a discharge injunction as to Plaintiffs' claims against Todd and Michelle Eliasen pursuant to 11 U.S.C. § 524(a) [and] the discharge injunction replaces or substitutes [for] the automatic stay." (Id.). Having received their Chapter 7 discharge, the Eliasens move for an order dismissing this action with prejudice and closing the case. The Court grants the Motion, which is unopposed, after finding that the claims asserted in this action against Todd and Michelle Eliasen are barred by the Chapter 7 discharge.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 48) is **GRANTED** to the extent that Todd and Michelle Eliasen are dismissed from this action with prejudice because all claims asserted against them in the Complaint are

now barred by the Chapter 7 discharge in bankruptcy.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of June, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE